KOLON INDUSTRIES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND E.I. DUPONT DE NEMOURS & CO., OECHST CELANESE CORP., AND ICI AMERICAS INC., DEFENDANT-INTERVENORS

Consolidated Court No. 95–09–01215

(Dated December 3, 1997)

*Shearman & Sterling (Jeffrey M. Winton)* for plaintiff.
*Frank W. Hunger*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis* and

*Lance J. Lerman); of counsel: Karen L. Bland,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Howrey & Simon (Michael A. Hertzberg* and *Matthew Clark)* for defendant-intervenors.

*Wilmer, Cutler, & Pickering (John D. Greenwald* and *Ronald I. Meltzer)* for defendant-intervenors.

## OPINION

TSOUCALAS, *Senior Judge:* Plaintiff, Kolon Industries, Inc. ("Kolon") commenced this action pursuant to Rule 56.2 of the Rules of this Court for judgment upon the agency record challenging the Department of Commerce, International Trade Administration's ("Commerce") final determination pursuant to *Polyethylene Terephthalate Film, Sheet, and Strip From the Republic of Korea; Final Results of Antidumping Duty Administrative Review,* 60 Fed. Reg. 42,835 (Aug. 17, 1995) (*"Final Results"), as amended,* 61 Fed. Reg. 5375 (Feb. 12, 1996). Plaintiff alleges that Commerce improperly adjusted for Korean value-added tax ("VAT") by employing a tax rate instead of a tax-neutral methodology.

## BACKGROUND

The administrative review at issue encompasses imports of polyethylene terephthalate film, sheet, and strip from the Republic of Korea during the review period of November 30, 1990 through May 31, 1992. On July 8, 1994, Commerce published the preliminary results of the instant review. *See Polyethylene Terephthalate Film, Sheet, and Strip From the Republic of Korea; Preliminary Results of Antidumping Administrative Review,* 59 Fed. Reg. 35,098 (July 8, 1994). On August 17, 1995, Commerce issued its final results at issue. *See Final Results,* 60 Fed. Reg. at 42,836–37. In this action, Kolon abandons all claims raised in its complaint with the exception of its challenge to Commerce's VAT methodology.

## DISCUSSION

The Court has jurisdiction over this matter under 19 U.S.C. § 1516a(a)(2) (1988) and 28 U.S.C. § 1581(c) (1988).

The Court must uphold Commerce's final determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516(b)(1)(B). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). "It is not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States,* 12 CIT 955, 962, 699 F. Supp. 300, 306 (1988), *aff'd,* 894 F.2d 385 (Fed. Cir. 1990).

Plaintiff alleges that Commerce improperly adjusted for VAT by employing a tax rate instead of a tax-neutral methodology. Kolon's Mem. Supp. Mot. J. Agency R. at 6–7.

Commerce consents to a remand for this purpose because it has decided to return to the tax-neutral methodology that the United States Court of Appeals for the Federal Circuit ("CAFC") held was a reasonable statutory interpretation in *Federal-Mogul Corp. v. United States*, 63 F.3d 1572 (Fed. Cir. 1995). Def's Resp. to Mot. J. Agency R. at 6–9; *see also FAG U.K. Ltd. v. United States*, 20 CIT 1277, 945 F. Supp. 260 (1996) (Commerce similarly consented to, and the Court granted, a remand for the same purpose); *Torrington Co. v. United States*, 20 CIT 1207, 944 F. Supp. 930 (1996) (same). In accordance with the CAFC's *Federal-Mogul* opinion and the Court's recent decisions, this case is remanded to Commerce to allow it to utilize the approved tax-neutral methodology for adjusting for VAT in Kolon's dumping margin.